# Fleming *v.* The State.

### *Indictment for Perjury.*

1. *Charge; confining inquiry to too narrow limits.*—Defendant, on prosecution for perjury, for falsely swearing that he had not made a partial payment, that he had not made a promise of payment, and denied that he had a certain conversation, is not entitled to the charge "that if he believed he owed A. nothing, and so swore, he is not guilty of perjury."

2. *Irrelevant evidence; declaration of defendant.*—Evidence, on a prosecution for perjury, that the defendant declared soon after the trial of an action against him, that "if that was the way they were going to treat him he would claim his exemptions," was irrelevant and inadmissible.

FROM the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.

JOHN W. A. SANFORD, JR., for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—Each of the charges .asked by defendant and refused confines the inquiry to too narrow a limit. Each claims an acquittal of defendant, if the latter when he testified, "believed that he owed W. R. Adams nothing." Of course, whether or not he owed Adams was the controlling question in the trial of *Adams v. Fleming*, which gave rise to the present prosecution for perjury. And it was not the sole, material inquiry of fact. Witnesses had testified on the trial of the civil cause that defendant had made a partial payment on the account, and promised to pay the balance. Defendant, in his testimony on that trial, denied that he made a partial payment, denied that he made any promise to pay, and denied he had had such conversation. These were certainly material questions on the inquiry whether defendeant owed Adams; and if in testifying in regard to them he wilfully made statements which he knew to be false, this would be perjury. The City Court did not err in refusing the charges asked.

The State was permitted to prove, against the objection and exception of the defendant, that soon after the trial was had before the justice of the peace, in which he had testi-

[Stewart v. The State.]

fied, he, the defendant, stated, "that if that was the way they were going to do him, he would claim his exemptions." This testimony was wholly irrelevant to the issue pending, and could shed no light whatever on the guilt or innocence of the accused. The City Court erred in receiving this evidence.

Reversed and remanded.